IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **ALICE HARVEY,** § | | **CIVIL ACTION NO.** |
| *Plaintiff,* § | | |
| § | | **6:21-cv-120** |
| **VS.** § | | |
| § | | **JURY TRIAL** |
| § | | **DEMANDED** |
| **UNITED STATES OF AMERICA AND** § | | |
| **WESLEY DANIELLE DANIELS** § | | |
| *Defendants* § | | **TEXAS** |

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COMES ALICE HARVEY, hereinafter referred to by name or as **"Plaintiff,"** and complains of **THE UNITED STATES OF AMERICA**, for the actions of its agency **THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS**, and **WESLEY DANIELLE DANIELS**, an employee of **THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS**, hereinafter referred to by name or as **"Defendants,"** and for cause of action would respectfully show unto the Court as follows:

**I.**

**PARTIES AND SERVICE OF CITATION**

1. Plaintiff **ALICE HARVEY** is an individual residing in the city of Temple, Bell County, Texas, which lies within the boundaries of the Western District of Texas – Waco Division.

2. Defendant **THE UNITED STATES OF AMERICA** is a governmental entity. The Defendant may be served with summons upon the acting Attorney General, Monty Wilkinson.

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**        1

Acting Attorney General Monty Wilkinson is the agent for service of process for Defendant, and is located at the United States Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530.  This Defendant may be served via registered or certified mail.

3. Defendant **THE UNITED STATES OF AMERICA** is a governmental entity.  The Defendant may be served with summons upon the agent for services of process for the United States Attorney for the Western District of Texas, Stephanie Rico.  Stephanie Rico is the agent for service of process for Defendant, and is located at 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

4. Plaintiff, upon filing, will send a certified copy of her complaint and summons to the civil process clerk for the United States Attorney's Office for the Western District of Texas and to the Acting Attorney General.

5. Defendant, **WESLEY DANIELLE DANIELS**, was the operator of Defendant **UNITED STATES OF AMERICA's** governmental motor vehicle, and was acting in the course and scope of his employment and in her official capacity or under color of the office or legal authority for Defendant **THE UNITED STATES OF AMERICA.**   This Defendant may be served with summons for service of process at her residence 2700 Austin Ave., Apartment C, Waco, Texas, 76100, or wherever she may be served.

## III.

## JURISDICTION & VENUE

6. The claims herein are brought against Defendant **THE UNITED STATES OF AMERICA** pursuant to the Federal Tort Claims Act, 28 U.S.C § 2671 *et seq.* and 28 U.S.C § 1346(b) for monetary damages as compensation for loss of property and personal injuries that were

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**                     2

caused by the negligent and wrongful acts and/or omissions of employee(s) of **THE UNITED STATES OF AMERICA** while acting within the course and scope of his offices and employment, under circumstances where the United States, if a private person would be liable to the Plaintiff in accordance with the laws of the State of Texas.

7. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit occurred in Bell County, Texas, which is within the Western District of Texas – Waco Division.

### IV.

### CONDITIONS PRECEDENT

8. Plaintiff asserts that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the cause of action at bar. Plaintiff has fully complied with all conditions precedent and with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. Alternatively, to the extent any conditions have not been met, failure to meet said conditions, if any, has not prejudiced the Defendants.

9. This suit has been timely filed, in that Plaintiff timely served notice of her claims on the appropriate federal agency, the **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS** on May 22, 2020.

10. The appropriate federal agency, the **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS**, failed to make a final disposition of Plaintiff's claims within six (6) months after Plaintiff's claim were presented, and such failure is deemed by Plaintiff to be a final denial pursuant to 28 U.S.C. § 2675.

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**     3

## V.

## **FACTUAL ALLEGATIONS**

11. On or about March 28, 2019, Plaintiff **ALICE HARVEY** was operating her 2013 BMW 228i in a lawful manner while traveling southbound on South 3rd Street in the City of Temple, Bell County, Texas, when Defendant **WESLEY DANIELLE DANIELS** , who was operating a 2016 Chevrolet Colorado federal government vehicle, acting within the course and scope of her employment and in his official capacity or under color of office or legal authority for Defendant **THE UNITED STATES OF AMERICA** negligently struck Plaintiff's motor vehicle. Defendant **WESLEY DANIELLE DANIELS**, suddenly and without warning, struck the rear of Plaintiff **ALICE HARVEY's** motor vehicle.

12. As a result of the collision, the investigating law enforcement officer(s) – Temple Police Officer Amy Carr – was called to the scene of the crash and, after her investigation, found Defendant **WESLEY DANIELLE DANIELS**, while acting in the course and scope of her employment and in her official capacities or under color of office or legal authority with Defendant **THE UNITED STATES OF AMERICA**, to be the at fault driver responsible for this collision. As a result of the collision, Officer Amy Carr cited Defendant WESLEY DANIELLE DANIELS with failure to control the speed of her motor vehicle. The investigating officer's crash report is attached to this complaint as **Exhibit "A."**

13. As a result of the collision, Plaintiff sustained serious bodily injuries.

## VI.

## CAUSES OF ACTION AGAINST DEFENDANTS

### A.  NEGLIGENCE

14. The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of Defendants, who operated their motor vehicle in a negligent manner by violating the duties to which they owed the Plaintiff to exercise ordinary care in the operation of their motor vehicle, in one or more of the following respects:

    a.    failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.    failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c.    operating his vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under similar circumstances;

    d.    failing to turn the vehicle in an effort to avoid the collision in question;

    e.    failing to blow horn warning of imminent danger;

    f.    failing to maintain an assured, clear distance to avoid striking the vehicle in front of her; and

    g.    Such other and further acts of negligence as may be shown at trial.

15. At the time and on the occasion in question, Defendant **WESLEY DANIELLE DANIELS**, acting in the course and scope of her employment and in his official capacities or under color of office or legal authority for Defendant **THE UNITED STATES OF AMERICA**, failed to act as a reasonable prudent person would or should under the same or similar circumstances and was the proximate cause of the collision and Plaintiff's injuries.

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**    5

## B. NEGLIGENCE PER SE

16. Further, Defendant **WESLEY DANIELLE DANIELS**, acting in the course and scope of her employment and in his official capacity or under color of office or legal authority for Defendant **THE UNITED STATES OF AMERICA** failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, § 545.351. and § 545.062 pursuant to the Negligence Per Se Doctrine which mandates that:

### § 545.351 Maximum Speed Requirement

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

(1) May not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) Shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(1) The operator is approaching and crossing an intersection or railroad grade crossing;

### § 545.062 Following Distance

(a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

## VII.

## DAMAGES

17. As a direct and proximate result of the collision and the negligent conduct of Defendant **WESLEY DANIELLE DANIELS**, acting in the course and scope of her employment and in his official capacities or under color of office or legal authority for Defendant **THE UNITED STATES OF AMERICA**, Plaintiff **ALICE HARVEY** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. Plaintiff's injuries are permanent in nature. Plaintiff's injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain, physical impairment, and mental anguish.

18. As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past, and may incur medical expenses in the future to treat her injuries.

19. Plaintiff has also suffered losses and damages to her personal property, including but not limited to damage to her vehicle.

20. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

21. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. Plaintiff seeks monetary relief of **FIVE-HUNDRED THOUSAND AND 00/100 DOLLARS ($500,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VIII.

## COSTS AND INTEREST

22. It was necessary for Plaintiffs to expend monies as the costs of court requisite to prosecute this cause of action. Therefore, Plaintiff further requests both pre-judgment and post-judgment interest on all of her damages as allowed by law.

## IX.

## DEMAND FOR JURY TRIAL

23. Plaintiffs asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues

## X.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**                                                 8

10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages;

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**     9

Respectfully Submitted,

**THE LAW OFFICES OF THOMAS J. HENRY**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Tel. (210) 656-1000
Fax. (361)985-0601

By: _____
**STEVEN G. MARQUEZ**
State Bar No. 24043801
Email: smarquez-svc@thomasjhenrylaw.com *

**ATTORNEYS FOR PLAINTIFF
ALICE HARVEY**

* service to this email address only